Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 50003 | **DATE** | 12/22/2004 |
| **CASE TITLE** | United States vs. Poole | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court denies defendant's motion to sever.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 2 2 2004 | |
| | Notified counsel by telephone. | | date docketed | 59 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 12-22-04 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LC | courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Defendant, Joseph H. Poole, filed a motion to sever Counts One and Two from Counts Three and Four of the indictment. Count I is a charge of aggravated bank robbery, and Count Two is a charge of using or carrying a firearm during a crime of violence, both arising out of an armed bank robbery that occurred in Rockford, Illinois, on September 13, 2002. Count Three is a charge of aggravated bank robbery, and Count IV is a charge of using or carrying a firearm during a crime of violence, both arising out of an armed bank robbery that occurred in Rockford on November 21, 2003.

Because the charges in Counts One and Two are identical to those in Counts Three and Four, respectively, there is no issue regarding joinder under Rule 8. See United States v. Jamal, 87 F. 3d 913, 914 (7tth Cir. 1996).

The issue raised by the motion to sever is governed by Rule 14. Under Rule 14, this court has the discretion to order separate trials if it appears that a defendant will be prejudiced by trying the offenses together. United States v. Smith, 308 F. 3d 726, 736 (7th Cir. 2002). In the interest of preserving judicial resources, a motion to sever should be granted only when there is a serious risk of unfair prejudice that deprives the defendant of a fair trial. Smith, 308 F. 3d at 736. A single trial is appropriate if it is within the jury's capacity, given the complexity of the case, to follow admonitory instructions and to keep separate, collate, and appraise the evidence. United States v. Moore, 115 F. 3d 1348, 1361 (7th Cir. 1997). Jury confusion may be minimized where the trial is short, the evidence is not complex, and the evidence is presented separately as to each crime. Jamal, 87 F. 3d at 914-15.

In this case, defendant has failed to identify any serious risk of unfair prejudice. Nor is there any likelihood of jury confusion as the trial is expected to be fairly short (four to five days), there is nothing unusually complex about the anticipated evidence, and the government has asserted it will present the evidence separately and chronologically as to each offense. Further, there should be little, if any, overlap in the evidence. Under these circumstances, there is no identified basis to sever under Rule 14.

For the foregoing reasons, the court denies defendant's motion to sever.